IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DANIEL LEE MAYS,

                    Petitioner,

          v.                                CASE NO.  08-3104-SAC

STATE OF KANSAS,

                    Respondent.

## O R D E R

This petition for writ of habeas corpus, 28 U.S.C. § 2254, was filed by an inmate of the Norton Correctional Facility, Norton, Kansas.  Petitioner also filed a motion for leave to proceed without prepayment of fees, but subsequently paid the filing fee.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner seeks to challenge his sentence entered in 1985 upon his plea of guilty to theft in the District Court of Wyandotte County in Kansas City, Kansas (Case No. 85 CR 0340).  Apparently, Mr. Mays was charged in this theft case, posted bond, and was released pending trial.[1]  While on bond, he committed other crimes in March, 1985, and was charged in Case No. 85 CR 0579 with robbery and aggravated robbery.  He eventually pleaded guilty to the theft charge, and was tried and found guilty on the robbery charges.  He was sentenced in both cases on September 6, 1985.

Mr. Mays directly appealed his robbery convictions, see State

_____

[1]     See Petition (Doc. 1), Attach. 7, Kansas v. Owens unpublished opinion, and petitioner's written comments thereon at page 2.

v. Mays, 761 P.2d 1254 (Kan., June 12, 1987, Table)[2], but not his conviction or sentence for theft.  He states he did not appeal his theft sentence on the ground raised herein because he "wasn't aware of it[3]."

On January 16, 2007, petitioner filed a Motion to Correct Illegal Sentence pursuant to K.S.A. § 22-3504 in Case No. 85 CR 0340, his theft case.  He based his motion upon "newly discovered" evidence that the district court erred in imposing consecutive sentences.  His motion was denied by the Wyandotte County District Court without a hearing on March 16, 2007.  His Notice of Appeal to the Kansas Court of Appeals (KCOA) of this denial was filed on March 22, 2007.  He notes in his Petition that he has appealed, but has not "had a chance to" raise "this issue."  On-line records of the Kansas Appellate Courts show Mr. Mays currently has an appeal pending before the KCOA (Appellate Case Number 10038, Dist. Ct. Case No. 85 CR 340), that he has appointed counsel, a show cause order was entered, and "parties response (is) due June 23, 2008."

**CLAIM**

---

[2]    Petitioner exhibits a copy of the unpublished opinion of the Kansas Supreme Court affirming his robbery convictions [Petition (Doc. 1), Attach. 5] indicating it was Appellate Case No. 59895.  There does not appear to be any on-line appellate court record available under this case number.

[3]    The trial court noted in 2006 on its docket that petitioner's habeas claims were the same as already considered by the appellate courts.  Petition (Doc. 1), Attach. 2.  However, the opinion of the Kansas Supreme Court affirming petitioner's robbery convictions on direct appeal shows that court held because petitioner's sentence of 5-15 years "was illegal" under K.S.A. § 21-4501(b)(Supp. 1986), "the trial court had not erred by correcting it to the required 5-20 years." Petition (Doc. 1), Attach. 5 at *4-*5.  The claim raised on direct appeal that the trial court illegally changed the maximum of petitioner's sentence for aggravated robbery to conform to statutory limits, is different from petitioner's claim in his 2007 motion to correct sentence and herein that the trial judge illegally changed his sentences from concurrent to consecutive, mistakenly believing that consecutive sentences were required by law.

As grounds for his federal Petition, Mr. Mays alleges that on September 6, 1985, he was sentenced by a panel of three judges (referred to in the Kansas Supreme Court's opinion as "a three-judge probation board") and that one member of the board originally pronounced his sentences by stating his 1-5 year sentence for theft under K.S.A. § 21-4608(a) would "run concurrent with Case 85CR0579," the robbery sentences.  However, another judge on the panel, Judge Meeks, then spoke up and "altered (his) sentence to consecutive," declaring "it was mandatory because (he) caught second case while on bond."

Petitioner asserts that Judge Meeks illegally increased his sentence from concurrent to consecutive based upon Judge Meeks' "erroneous view of the law," and that the Kansas Supreme Court has ruled that consecutive sentences are not mandated for sentences "on same day for different cases."  He also suggests the change in his sentence violated the ex post facto clause.  This court is asked to correct petitioner's sentence "back to (his) original concurrent sentence" and immediately release him.  "Compensation" is added in parentheses[4].

Petitioner cites and provides a copy of State v. Owens in support of his claim.  State v. Owens, 19 Kan.App.2d 773, 875 P.2d 1007 (Kan.App. June 17, 1994, unpublished).  There, the KCOA considered Owens' claim that "the district court erred by assuming

---

[4]    Money damages are not a proper request for relief in a habeas corpus action, which seeks immediate release from illegal confinement only.  Moreover, seeking money damages based upon an allegedly illegal conviction or sentence that has not been overturned is barred under Heck v. Humphrey, 512 U.S. 477, 487 (1994)(When a state prisoner seeks damages based upon allegations suggesting he was illegally sentenced, and judgment in his favor would necessarily imply the invalidity of his sentence, the claim for damages must be dismissed unless the litigant can demonstrate that his sentence has already been invalidated.).  The court therefore denies petitioner's request for "compensation," without prejudice.

that his sentence had to run consecutively" because he committed the crimes in the other case while on release for a felony.  Id., at *2. The KCOA discussed an apparent conflict in statutory provisions in State of Kansas v. Richmond, 896 P.2d 1112 (Kan.App. 1995), stating that K.S.A. § 21-4608(d)(Supp. 1994) provided:

> "Any person who is convicted and sentenced for a crime committed while on release for a felony pursuant to (K.S.A. ch. 22, art. 28) shall serve the sentence consecutively to the term or terms under which the person was released."  Chapter 22, art. 28 deals with release on bond.  However, (K.S.A.) § 21-4608(a)(Supp. 1994) states: When separate sentences of imprisonment for different crimes are imposed on a defendant on the same date, . . . such sentences shall run concurrently or consecutively as the court directs."

Richmond, citing Owens, 19 Kan.App.2d at 777.  The KCOA in Owens found that K.S.A. § 21-4608(1)[5] was a "specific statute applied when all involved sentences occur, as here, on the same date and takes precedence over subsection (3) of said statute (emphasis added)," while noting that the purpose of subsections (3) and (4) "seems to be to require a consecutive sentence when a defendant commits a crime while on release for a prior felony."  Id.  They held that subsection (1) took precedence and applied under the circumstances of Owens' case.  The KCOA further held in Richmond:

> If the court imposes sentences in two cases at the same time, it must exercise its discretion in determining whether the sentences should run concurrently or consecutively, although one of the crimes was committed while the defendant was out on bond.  Failure to exercise this discretion is grounds to vacate the sentence and remand for resentencing.

Richmond, citing Owens, 19 Kan.App.2d at 777.

---

[5]    Apparently there was a change in subdivision designations between the 1992 and 1994 versions.

**FAILURE TO DEMONSTRATE EXHAUSTION OF STATE COURT REMEDIES**

From the face of the Petition, the court finds at least one threshold issue[6] that must be resolved: whether or not petitioner has fully exhausted all available state court remedies on his claim. 28 U.S.C. § 2254(b)(1) pertinently provides:

> "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State . . . ."

Id. Alternatively, the applicant must show that State corrective process is either unavailable or ineffective. 28 U.S.C. § 2254(b)(1)(B). Generally, the exhaustion prerequisite is not satisfied unless the claim asserted has been presented by "invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). In this district, that means the claim must have been "properly presented" as a federal constitutional issue "to the highest state court[7]," either by direct review of the conviction or in a post-conviction attack." Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994).

Petitioner alleged, in response to questions on his form

---

[6]      Another obvious threshold issue is whether or not petitioner is time-barred from challenging his 1985 state sentence for theft in federal court by the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). The court need not discuss this issue since it finds this Petition must be dismissed for failure to exhaust state court remedies. However, if petitioner files a subsequent federal habeas corpus petition after he has exhausted, he will have to more fully address why his claim is not time-barred than he has in the instant Petition.

[7]      Petitioner properly filed a motion for post-conviction relief in the state district court, which was denied; and he has appealed that denial to the Kansas Court of Appeals. If the KCOA denies relief, petitioner must file a Petition for Review by the Kansas Supreme Court (the "highest state court") and obtain a decision from that court in order to have fully exhausted his state court remedies.

Petition regarding exhaustion, that he has "fulfilled his exhaustion requirements," has given the state courts fair opportunity, and it would be futile for him to pursue state remedies.   He also claims the state appellate courts have decided the legal issue against him and exhaustion "would serve no real purpose."

The court finds it is not at all clear from petitioner's conclusory allegations that he has satisfied the exhaustion prerequisite or that it should be excused in this case.   To the contrary, it appears from the Petition and exhibits that Mr. Mays has never presented his specific claim, that Judge Meeks illegally changed his sentences from concurrent to consecutive rather than exercising his discretion in the matter, to the highest state court. The court further finds from the on-line appellate court records and petitioner's answers to questions in his federal Petition, that he currently has pending before the KCOA an appeal of the trial court's summary denial of his Motion for Correction of Sentence, which raises the precise claim presented in this federal Petition[8]. Finally, the court finds that the opinions of the state appellate courts exhibited and cited by petitioner in support of his claim, conflict with his allegation that the state appellate courts have decided the legal question against him.   The court concludes from the foregoing that petitioner has not fully exhausted available state court remedies on his claim, and this action must be dismissed, without prejudice, as a result.

---

[8]     Mays appears to have sought relief in federal court after the Appellate Defender who represented him in his direct criminal appeal, allegedly "refused" to represent him in the pending appeal of the denial of his Motion to Correct Illegal Sentence and moved to withdraw.   However, as noted, the docket indicates that other counsel has been appointed to represent petitioner, and the appeal is proceeding before the KCOA.

**IT IS THEREFORE ORDERED** that petitioner's Application to Proceed Without Fees (Doc. 2) is denied as moot since petitioner paid the filing fee; and that this action is dismissed, without prejudice, for failure to exhaust state court remedies.

**IT IS SO ORDERED**.

Dated this 12th day of June, 2008, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge